

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FELICIA L. ROSS, | ) | CASE NO. 1:09 CV 2220 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | |
| ITT CLEVELAND MOTION CONTROL, et al., | ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

Before the court is plaintiff pro se Felicia L. Ross's complaint filed against her former employer ITT Cleveland Motion Control, Supervisor Cathy Rose, Co-Worker Ted Mitchell, Shop Manager Dale King, Acting Supervisor Curtis Pray and Co-Worker Jeff Keener. She alleges the defendants discriminated against her based on race, gender and religion, which led to her constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Ms. Ross seeks unspecified punitive damages.

*Background*

Ms. Ross is an African American hired by ITT Cleveland Motion Control. She does not describe the position for which she was hired, but claims she initially worked for Dale King who "has a history of racial discrimination." At that time, she was being harassed by a co-worker and reported it to Mr. King. He laughed and suggested she transfer to another area.

Believing this was her only option, she conceded, despite her success in that department. She was later told during her evaluation by Mr. King that the men in her former department complained she did not like men.

Under the subsequent supervision of Cathy Rose, the harassment allegedly continued with the encouragement of Mr. King, who supervised Ms. Rose, Mr. Keller and Mr. Mitchell. Ms. Ross claims it was company policy "for all employees to place orders for new tools." (Compl. at 1.) Plaintiff, however, was given "hand me down dirty tools from [Rose's] home." Id. Ms. Ross allegedly treated Ms. Ross with disdain because of her race and religion. Unlike other employees, Ms. Ross's actions were constantly monitored by her supervisor to the point of harassment. She alleges that when Ted Mitchell was hired he sexually harassed her on numerous occasions. She claims her complaints to Ms. Rose were ignored. Instead, Ms. Rose allegedly encouraged Mr. Mitchell's actions as well as the racial slurs directed at plaintiff by Jeff Keener.

Another acting supervisor, Curtis Pray, also allegedly caused plaintiff's life to be a "living hell" at ITT. He was loud and disrespectful. A friend of the other defendants, Mr. Pray contributed to the hostile work environment within which Ms. Ross worked. Her Title VII claims suggest the degree to which the harassment escalated was also a result of her refusal of sexual advances. Ms. Ross alleges the level of hostility and intimidation escalated to the point she was plunged into depression and on the verge of a nervous breakdown. Eventually, she felt forced to resign.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

2

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). While Ms. Ross's Title VII claims of harassment based on race, religion and gender may have arguable merit, see Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002), Ms. Ross cannot hold her co-workers liable for these claims. For the reasons stated below, Ted Mitchell and Jeff Keener are dismissed from this action pursuant to section 1915(e).

*Employer Liability*

The Sixth Circuit has held that "[t]he law is clear in this circuit that individual liability may not be imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII." Bangas v. Potter, No. 04-3972, 2005 WL 1901825 (6th Cir. Aug. 8, 2005); see also Ulmer v. Dana Corp., No. 02-3670, 2004 WL 2299055 (6th Cir. Oct. 12, 2004)(affirming district court's reasoning that "Title VII does not encompass claims against supervisors in their individual capacities"); Creusere v. James Hunt Constr., No. 03-3089, 2003 WL 22976572 (6th Cir. Dec. 4, 2003) ("Title VII does not permit employees and supervisors to be sued in their individual capacities"); Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir.1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

as an 'employer,' may not be held personally liable under Title VII.").

At a minimum, Ms. Ross's co-workers Ted Mitchell and Jeff Keener do not qualify as employers subject to suit under Title VII and must be dismissed from this action. Whether Ms. Ross's Title VII claims can remain pending against individual defendant supervisors Cathy Rose, Dale King and Curtis Pray in their official capacities cannot be resolved at this stage. The Sixth Circuit has not foreclosed such a possibility, stating:

> While the law is clear that a supervisor cannot be held liable in his or her individual capacity for violations of Title VII, there is support for the proposition that a supervisor may be held liable in his or her official capacity upon a showing that he or she could be considered the "alter ego" of the employer.

Little v. BP Exploration & Oil Co., 265 F.3d 357, 362 n. 2 (6th Cir.2001). The court of appeals qualified this statement, however, by noting that the appellate court "has not clearly and definitively ruled on this issue and ... need not do so today." Id. Therefore, **only Ted Mitchell and Jeff Keener are dismissed from this action**.

## Conclusion

Based on the foregoing, Ms. Ross's Title VII claims against Ted Mitchell and Jeff Keener are dismissed and the court certifies that an appeal from their dismissal could not be taken in good faith.[2] This action shall proceed solely against ITT, Cathy Rose, Dale King, and Curtis Pray. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4

for service of process and shall include a copy of this order in the documents to be served upon ITT, Cathy Rose, Dale King, and Curtis Pray. The Clerk's Office is directed to also forward a copy of this order to Ted Mitchell and Jeff Keener.

    IT IS SO ORDERED.

/s/ Dan Aaron Polster
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE